UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY RICHARDS,<br>    Plaintiff,<br>v.<br>JEFFREY TUMLIN, et al.,<br>    Defendants. | Case No. 21-cv-04420-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Before the court is defendants City and County of San Francisco's (the "County"), Jeffrey Tumlin's, Gwyneth Borden's, Amanda Eaken's, Cheryl Brinkman's, Steve Heminger's, Sharon Lai's, Manny Yekutiel's, Mike Hawkins's, City Attorney Dennis Herrera's, and Mayor London Breed's (collectively, the "individual defendants") (the County and the individual defendants, jointly the "San Francisco defendants") renewed motion to dismiss. Dkt. 11. Having read the parties' proffered papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby **GRANTS** the motion.

## BACKGROUND

On May 13, 2021, plaintiff filed the instant action in the San Francisco County Superior Court. Dkt. 1-1. In it, he sues the San Francisco defendants, as well as various other private defendants (the "private defendants") (together with the San Francisco defendants, "defendants") who have not appeared in this action. The private defendants include a purported contractor that apparently provides the County with automobile towing and storage services, "Auto Return," as well as various unspecified employees of that entity. Id. 1-1 at 3 (summons listing additional parties).

On June 9, 2021, the County removed this action to this court. Dkt. 1 (Notice of removal). While in state court, plaintiff filed various "petitions." Dkt. 1-1 (Initial petition for emergency relief); Dkt. 1-3 at 2-8 (First amended petition); Id. at 23-26 (Second amended petition). Plaintiff also filed various motions for a temporary restraining order ("TRO") and supporting declarations. Dkt. 1-2 at 8-22 (May 7, 2021 TRO); Dkt. 1-3 at 8 (May 18, 2021 TRO); Dkt. 1-5 at 15 (May 28, 2021 declaration in support of unspecified TRO); Dkt. 1-7 (June 1, 2021 declaration in support of unspecified TRO).

Plaintiff's filings are less than clear. From what the court can discern, plaintiff alleges the following facts. Plaintiff is disabled. Dkt. 1-8 at 4 (letter from healthcare provider). On April 6, 2021, defendants towed plaintiff's car while it was lawfully parked in San Francisco. Dkt. 1-2 at 16. Plaintiff's car featured a blue "hang tag" for disabled persons. Id.

Between April 6, 2021 and May 7, 2021, plaintiff repeatedly called the San Francisco Municipal Transportation Agency ("SFMTA") to receive a low-income waiver on the fees charged for towing and storing his car. Id. at 17, 29-32. Plaintiff also called the SFMTA to receive his "legally required tow hearing." Id. It appears that SFMTA did not answer or otherwise return his calls. On April 12, 2021, plaintiff visited Auto Return's office to prove his eligibility for the above-referenced waiver. Dkt. 1-2 at 20, 25. On April 14, 2021, plaintiff visited SFMTA's office to do the same. Id. at 20, 27.[1]

Based on the above, plaintiff brings two claims under Title 42 U.S.C. § 1983 premised on violations of the following:

(1)  His Fifth Amendment right to Due Process (incorporated by the way of the Fourteenth Amendment). Dkt. 1-2 at 23-24.

(2)  His Fourteenth Amendment right to Equal Protection. Id. at 16.

---

[1] Plaintiff says that he visited Auto Return on April 9, 2021 and SFMTA on April 12, 2021. Dkt. 1-2 at 20. The waiting receipts proffered in support of those statements, however, show that he visited such offices on April 12, 2021 and April 14, 2021, respectively. Id. at 25 ("Welcome . . . [#] 85 . . . 4/12/2021 at 4:36 pm"); Id. at 27 ("Welcome to SFMTA . . . N006 . . . 2021-04-14 at 16:09").

2

It appears that plaintiff bases his Equal Protection claim on the theory that defendants refused to provide him the relief that he requested because of his disability. Id. Given that plaintiff names the County as a defendant, it also appears that he intends to allege a claim for municipal liability under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) ("Monell").

Following removal, the clerk of court assigned this action to Magistrate Judge Westmore. Dkt. 2. On June 25, 2021, the clerk reassigned this action to the undersigned's docket. Dkt. 9. On June 29, 2021, the San Francisco defendants filed the instant renewed Rule 12(b)(6) motion to dismiss. Dkt. 11. Plaintiff failed to timely file a response to the motion.

On August 5, 2021, plaintiff filed an ex parte motion requesting additional time to decide whether to consent to proceed before Magistrate Judge Westmore. Dkt. 13. On August 9, 2021, the court issued an order on that request. Dkt. 14. In it, the court noted that plaintiff had failed to file a response to the pending motion to dismiss. Id. at 2. The court permitted plaintiff until August 23, 2021 to file either a consent to proceed before Magistrate Judge Westmore or a response to the motion. Id. The court cautioned plaintiff that, if he chose to remain with the undersigned, then the court would decide the pending motion with or without his response. Id.

To date, plaintiff has failed to file either a consent or an opposition.

## DISCUSSION

### I.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), dismissal "is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). While the court is to accept as true all the factual

allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007).

## II. Analysis

In their motion, the San Francisco defendants assert that the court should dismiss the claims against them for the following three reasons:

(1) Plaintiff failed to allege that he exhausted administrative remedies prior to filing this action. Dkt. 11 at 8-9.

(2) Plaintiff failed to proffer sufficient facts to support the claims against them. Id. at 10-13.

(3) Plaintiff failed to allege how any of the individual defendants participated in the alleged misconduct. Id. at 13-14.

In their reply, the San Francisco defendants add that, because of plaintiff's failure to oppose their motion, the court should also dismiss this action for failure to prosecute. Dkt. 12.

The court grants the San Francisco defendants' motion. Three reasons support this conclusion.

***First***, plaintiff has not alleged sufficient facts to state a claim against the San Francisco defendants. The court identifies some key deficiencies in each claim below.

With respect to his Monell claim, plaintiff does not allege that the County maintains a policy or practice of unconstitutionally towing vehicles or denying adequate process to persons who seek to contest such towing. Absent allegations of such a systemic practice, plaintiff cannot maintain this claim. City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a ***municipal policy or custom*** and the alleged constitutional deprivation.") (emphasis added).

With respect to his Due Process claim, plaintiff fails to identify the procedure (or

4

lack thereof) maintained by the County that he challenges as constitutionally deficient. Plaintiff also fails to show how or why the benefit of any additional procedural safeguard outweighs its corresponding burden. Both failures are fatal to this claim. Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Once a protected interest is found, we employ the three-part balancing test . . . to determine whether a pre-deprivation hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation. . . . The Mathews test balances three factors: (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the value of additional safeguards; and (3) the government's interest, including the burdens of additional procedural requirements.") (citing Mathews v. Eldridge, 424 U.S. 319 (1976)).

Further, in an unpublished authority, the Ninth Circuit has held that California law provides sufficient procedural remedies for a person contesting parking-related violations. Moore v. City of Santa Monica, 185 F. App'x 661 (9th Cir. 2006) ("[Plaintiff] appeals . . . the district court's order dismissing his 42 U.S.C. § 1983 action alleging due process and equal protection violations arising from parking tickets he received . . . The district court also properly dismissed [plaintiff's] due process claims as the State of California provides an adequate post-deprivation remedy."). While perhaps not conclusive, that authority suggests that plaintiff's Due Process claim is not legally viable.

With respect to his Equal Protection claim, plaintiff fails to allege that the San Francisco defendants acted with any intent to deprive him of a low-income waiver or hearing **because** of his disability. Again, that failure is fatal to this claim. Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) ("To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'").

***Second***, the court agrees with the San Francisco defendants that plaintiff fails to allege any conduct specifically taken by any of the individual defendants. That failure

provides a separate ground to dismiss the claims against such defendants.

***Third***, the court effectively permitted plaintiff a second opportunity to respond to the motion. Dkt. 14. Plaintiff failed to do so. On that basis, the court finds that dismissal of this entire action is proper for failure to prosecute. Fed. R. Civ. Pro. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

For the above three reasons, the court concludes that plaintiff failed to state a claim against the San Francisco defendants. Accordingly, the court grants the motion and dismisses all claims against the San Francisco defendants.[2] Given that the San Francisco defendants fail to show how or why permitting plaintiff leave to amend his claims would be futile, the court dismisses these claims without prejudice.

That leaves only the private defendants. It appears that plaintiff bases his claims against the private defendants on the same events underlying his claims against the San Francisco defendants. Given that, the court finds that plaintiff's claims against the private defendants are also subject to dismissal for the same reasons identified above with respect to the San Francisco defendants.

Additionally, based on the court's review of the docket, it appears that plaintiff has failed to serve the private defendants within 90 days of filing this action. Plaintiff has not shown good cause for that failure. Accordingly, the court finds that any claims against them must be dismissed on that separate ground. Fed. R. Civ. Pro. 4(m).

///

///

---

[2] The court withholds any determination of the San Francisco defendants' argument that the court should grant its motion on grounds that plaintiff failed to exhaust his administrative remedies. Dkt. 11 at 8-9. The San Francisco defendants failed to proffer any authority indicating that the court may grant a Rule 12(b)(6) on that basis. From what it can tell, the court may do so only if the failure to exhaust is clearly shown on the face of plaintiff's complaint. Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) ("Ordinarily affirmative defenses may not be raised by motion to dismiss . . . but this is not true when, as here, the defense raises no disputed issues of fact."). The San Francisco defendants have not demonstrated which part of plaintiff's pleadings satisfy that showing.

## CONCLUSION

For the above reasons, the court **GRANTS** the San Francisco defendants' renewed motion to dismiss. Dkt. 11. The court also **TERMINATES** their original motion to dismiss. Dkt. 5.

**Within 28 days of this order**, plaintiff may file an amended complaint correcting for any (and all) deficiencies in his claims. Such deficiencies include, without limitation, those identified immediately above. If plaintiff fails either to timely file an amended complaint or correct all deficiencies in his claims, the court will dismiss this action with prejudice. Additionally, unless plaintiff proffers a declaration alongside any amended pleading showing good cause for his above-referenced failure to timely serve the private defendants, this order will operate as a dismissal with prejudice as to the claims against them.

**IT IS SO ORDERED.**

Dated: September 3, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge